IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOSEPH BETHEA,                )
                              )
           Petitioner,        )
                              )    1:12CV737
     v.                       )    1:11CR120-1
                              )
UNITED STATES OF AMERICA,     )
                              )
           Respondent.        )
```

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Joseph Bethea, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (Doc. 16.)[1] In pertinent part, Petitioner was indicted for, and pled guilty to, (1) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One) and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). (Docs. 8, 11, 12; Minute Entry 6/16/2011.) He was sentenced to 262 months of imprisonment. (Doc. 13; Minute Entry 11/21/2011.)

Petitioner did not appeal, but instead filed his current Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:11CR120-1).

Sentence. (Petition (Doc. 16).) The Government has filed a response (Doc. 20), and Petitioner has replied (Doc. 22). The matter is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

I. **ANALYSIS**

Petitioner sets out two overlapping claims.[2] First, Petitioner contends that the court violated Rule 11 of the Federal Rules of Criminal Procedure by entering judgment for a violation of 18 U.S.C. § 924(c) without a supporting factual basis. (Petition (Doc. 16), Ground One.) Second, Petitioner contends that the court incorrectly advised Petitioner as to the elements of the § 924(c) charge thereby rendering his plea unknowing and involuntary. (Id., Ground Two.) As explained below, neither claim has merit.

   A. **Claim One**

First, Petitioner contends that the court violated Rule 11 of the Federal Rules of Criminal Procedure by entering judgment for a violation of 18 U.S.C. § 924(c) without a supporting factual basis. (Id., Ground One.) Where, as here, "a defendant is represented by counsel when making his guilty plea, that plea

---

[2] Because Petitioner's claims overlap, this court's explanation in each of the following subsections as to why the Petition fails also overlaps and applies equally to both claims.

is presumed valid when later attacked in a habeas corpus
proceeding. . . . [T]o rebut that strong presumption of
validity, the defendant must make a factual showing that his
plea of guilt was not voluntary and intelligent." United States
v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations
omitted). Furthermore, "[s]tatements of fact by a defendant in
Rule 11 proceedings may not ordinarily be repudiated, and,
similarly, findings by a sentencing Court in accepting a plea
constitute a formidable barrier to attacking the plea." United
States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996) (internal
quotation marks omitted) (alteration in original). Absent
"extraordinary circumstances, the truth of sworn statements made
during a Rule 11 colloquy is conclusively established, and a
district court should, without holding an evidentiary hearing,
dismiss any § 2255 motion that necessarily relies on allegations
that contradict the sworn statements." United States v.
Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, Petitioner's assertion that the court adjudged him
guilty without a proper factual predicate is conclusively
foreclosed by the record of his Rule 11 hearing. Instead,
Petitioner's own statements indicate that he made a knowing and
voluntary guilty plea after a full Rule 11 colloquy. (See Tr.

of Change of Plea Hr'g (Doc. 25-1).)  At his Rule 11 hearing, Petitioner was placed under oath, and stated that he had received and reviewed the indictment, which he understood; that he had fully discussed the charges in the indictment and the case in general with his counsel; that he had discussed any possible defenses he might have to the charges; and that he was fully satisfied with the services of his attorney.  (Id. at 2-5.)  This court then summarized the plea agreement for Petitioner, which he stated he understood and which he stated was the entire plea agreement between the parties.  (Id. at 5-6.)  Petitioner also acknowledged that no one had threatened him or coerced him to plead guilty.  (Id. at 7-8.)  This court then covered the maximum penalties he faced and the advisory nature of the guidelines.  (Id. at 8-12.)  Petitioner also acknowledged that he might receive a sentence different than that anticipated by his counsel.  (Id. at 11-12.)  The court then instructed Petitioner of his constitutional rights and the elements of the charged crimes, which Petitioner said he understood.  (Id. at 13-16.)

Petitioner then pled guilty to Counts One and Two of the indictment, indicating that he was pleading guilty because he was, in fact, guilty.  (Id. at 16-17.)  The court found

Petitioner competent and capable of entering an informed plea, and found further that he was aware of the nature of the charges and the consequences of his plea, and that his plea was both knowing and voluntary. (Id. at 17.) The Government then provided to the court a factual basis, without objection, and Petitioner agreed that he had reviewed it and that he agreed with his counsel that there were no objections to the facts outlined in the factual basis. (Id.)

The factual basis provided by the Government and adopted by Petitioner reads as follows:

> Beginning in the month of November 2010, members of the High Point, North Carolina Police Department's Vice/Narcotics Unit began purchasing heroin from an individual identified as JOSEPH BETHEA (Defendant BETHEA). Members of the unit utilized an undercover officer (UC) to purchase heroin from Defendant BETHEA. The undercover officer and/or the vehicle used by the undercover officer contained concealed recording equipment in order to record the purchases.
>
> On or about November 2, 2010, until on or about November 30, 2010, heroin purchases were made from or at the direction of Defendant BETHEA to the UC. On December 1, 2010, the UC arranged to purchase three (3) bricks of heroin from Defendant BETHEA. One brick of heroin contains 50 individual dosage units. The individual dosage units are referred to as bindles. Narcotics detectives obtained state arrest warrants for Defendant BETHEA for the previous heroin buys. In addition, a state search warrant was obtained for Defendant BETHEA's residence, 700-B Redding Drive in High Point, North Carolina.

On December 1, 2010, Defendant BETHEA arrived to meet the UC and was arrested without incident. Members of the police department then executed the state search warrant and found the following: a box of empty heroin bindles in the closet of Defendant BETHEA's bedroom; a digital scale located on the table in Defendant BETHEA's bedroom; $75 in United States currency from Defendant BETHEA; a black coat located in the closet of Defendant BETHEA's bedroom; a cellular telephone from Defendant BETHEA; and paperwork from Defendant BETHEA's bedroom and vehicle.

Officers asked Defendant BETHEA if there were any weapons in the residence and Defendant BETHEA told the officers a firearm was under the mattress in his bedroom. Officers also located 150 glassine bags of heroin in his front jacket pocket. A silver Cobra Enterprises, model FS380, .380 caliber handgun, bearing serial number FS041995, was found under the mattress in Defendant BETHEA's bedroom. According to the North Carolina State Bureau of Investigation laboratory report of a statistically significant random sampling of the packages, the substance in the glassine packages was heroin with a gross weight of 29.1 grams.

Defendant BETHEA was transported to the High Point, North Carolina Police Department where he was read his rights and signed a <u>Miranda</u> waiver. The interview was videotaped. Defendant BETHEA stated he lived at the house alone and he was the only one who had a key to the residence where the search warrant was executed. Defendant BETHEA admitted to selling heroin to the UC on the dates law enforcement had bought from him. Defendant BETHEA admitted to having the firearm for protection because of "what he did." Defendant BETHEA stated he knew he was not to have a gun because he had been convicted of felonies in New York and North Carolina.

On February 8, 2011, officers with the High Point Police Department conducted a traffic stop of Defendant BETHEA for Driving While License Revoked and an "insurance stop." After placing Defendant BETHEA,

-6-

the driver and sole occupant of the vehicle under
arrest, the officers conducted an inventory search of
his vehicle and located 44 glassine packages (bindles)
of heroin in the center armrest console of the car.
After waiving his Miranda rights, Defendant BETHEA
admitted possession of the heroin and stated he
usually buys two or three grams of heroin at a time
and packages it as soon as he can so he can resell it
for a profit. According to the North Carolina State
Bureau of Investigation laboratory report of a
statistically significant random sampling of the
packages, the substance in the glassine packages was
heroin with a gross weight of 8.0 grams.

The above-referenced firearm, which has been
described herein and in the Indictment, was not
manufactured in the state of North Carolina and,
therefore, traveled in interstate and/or foreign
commerce. In addition, the firearm was test-fired and
functioned as designed, thus, meeting the statutory
definition of "firearm" as set forth in 18 U.S.C. §
921(a)(3). Defendant BETHEA was convicted on April 6,
2006, in Guilford County Superior Court, High Point,
North Carolina, of possession with intent to sell and
deliver heroin which is a crime punishable by a term
exceeding one year. Defendant BETHEA was convicted on
September 23, 2004, in Guilford County Superior Court,
High Point, North Carolina, of sell/deliver cocaine
which is a crime punishable by a term exceeding one
year. Defendant BETHEA was convicted on March 19,
2003, in Guilford County Superior Court, High Point,
North Carolina, of possession of heroin which is a
crime punishable by a term exceeding one year.
Defendant BETHEA was convicted on November 3, 1989, in
Kings County Supreme Court, Brooklyn, New York, of
robbery in the 1st degree which is a crime punishable
by a term exceeding one year. Defendant BETHEA was
convicted on February 16, 1993, in Broome County
Supreme Court, Binghamton, New York, of criminal sale
of a controlled substance in the 5th degree which is a
crime punishable by a term exceeding one year. At the
time of the instant offense, the defendant's
convictions had not been expunged or set aside nor had

> he been pardoned or had his civil rights restored
> within the meaning of 18 U.S.C. § 921(a)(20).

(Factual Basis (Doc. 11) at 1-5.)

To sustain the § 924(c)(1)(A) conviction, the Government had to establish two elements: (1) that Petitioner used, carried, or possessed a firearm and (2) did so in furtherance of a drug trafficking crime. See United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009). The Government can prove the possession element of this offense by establishing a defendant "exercised, or had the power to exercise, dominion and control over" the firearm. United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007) (internal quotation marks omitted). In light of the above, it is clear that the court was presented with overwhelming evidence that Petitioner possessed a weapon and did so in furtherance of the distribution of heroin.

As demonstrated above, in addition to several controlled purchases of heroin from Petitioner, law enforcement also obtained a search warrant for Petitioner's home. In Petitioner's bedroom, officers found a box of empty heroin bindles in his bedroom closet, a digital scale located on the table in his bedroom, and a handgun under the mattress of his bed. Officers also located 150 glassine bags of heroin in his front jacket pocket weighing 29.1 grams. Petitioner was

-8-

interviewed following a waiver of his Miranda rights and admitted, in a videotaped interview, that he lived in the searched residence alone and was the only one with a key, admitted to selling heroin to the undercover officer on the dates law enforcement had bought from him, and admitted to having the firearm for protection because of "what he did." (See Factual Basis (Doc. 11) at 3.) Petitioner also admitted that he knew he was not to have a gun because he had been convicted of felonies in New York and North Carolina. (Id.)

This court agrees with the Government that, given the proximity of the drugs and drug paraphernalia to the handgun and Petitioner's admission to possessing the firearm for protection in the drug trade, this court acted well within its "wide discretion" in finding a factual basis to support Petitioner's guilty plea to the possession of a firearm in furtherance of a drug trafficking offense as alleged in Count Two. See United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990). This claim lacks merit and should be denied.

**B.  Claim Two**

Petitioner's second and overlapping claim is that the court incorrectly advised him as to the elements of the § 924(c) charge. (Petition (Doc. 16), Ground Two.) He claims that the

-9-

incorrect information he received invalidates his guilty plea. (Id.) Specifically, Petitioner contends that this court informed him that "mere possession of a firearm during and in relation to a drug trafficking crime would violate 18 U.S.C. 924(c)," that this instruction is erroneous, and that he could not tender a knowing and voluntary plea based on this information. (See id.) However, this claim fails for factual and legal reasons.

This claim is factually incorrect because this court provided a more detailed explanation than what Petitioner alleges. At Petitioner's change of plea hearing, this court informed Petitioner of the two elements for Count Two: "[o]ne, that you committed a drug trafficking crime as alleged in the indictment, that is, possession with intent to distribute heroin. And, two, . . . in furtherance of that crime, you knowingly possessed, a firearm, . . . as charged in the indictment." (Tr. of Change of Plea Hr'g (Doc. 25-1) at 16.) With this explanation, this court communicated to Petitioner that the Government would be required to prove that Petitioner did more than merely possess a firearm. As a result, Petitioner's second claim runs contrary to what occurred during the Rule 11 colloquy and is thus meritless for factual reasons.

This claim is also insufficient for legal reasons. The explanation provided by the court informed Petitioner of the essential elements of the firearm charge alleged in Count Two.[3] See United States v. Christian, 452 Fed. Appx. 283, 287 (4th Cir. 2011) (per curiam) (noting two elements of § 924(c): "that [the defendant] (i) committed a drug trafficking crime and (ii) possessed a firearm in furtherance of that crime"). This court's explanation of the charges was in line with these points of law, and there is no evidence in the record to support Petitioner's current claim that this court improperly instructed him that mere possession of the firearm, rather than possession "in furtherance" of the distribution of heroin, constituted the second element of the charged offense.

---

[3] Petitioner contends that the Government was required to show active employment of the firearm to obtain a conviction. (Petitioner's Reply (Doc. 22) at 7.) However, the "active employment" criteria Petitioner mentions is no longer required under § 924(c). Petitioner is correct that the Supreme Court, in Bailey v. United States, held that § 924(c)(1)'s "use" prong requires the Government to show "active employment of the firearm." Bailey v. United States, 516 U.S. 137, 143 (1995). However, in the wake of the Bailey decision, however, Congress amended § 924(c) to criminalize the "possession" of a firearm "in furtherance of" a drug trafficking offense. See United States v. Lomax, 293 F.3d 701, 703-04 (4th Cir. 2002). Thus, "whether or not Petitioner 'actively employed' the firearm is entirely irrelevant." Robinson v. United States, C/A No. 6:93-cr-00232-GRA-1, 2012 WL 6968497, at *3 (D.S.C. Feb. 28, 2012).

Petitioner also appears to be arguing that the "in furtherance" requirement creates a higher standard of proof, (see Petition (Doc. 16), Ground Two); however, that claim is unsupported by law.  The Fourth Circuit has explained that the "in furtherance" language of § 924(c) means "furthering, advancing, or helping forward" a drug trafficking crime.  See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Numerous factors might lead a reasonable trier of fact to find a connection between a defendant's possession of a weapon and the furtherance of a drug trafficking crime, including: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."  Id. (internal quotation marks omitted).

Here, the Factual Basis, without dispute from Petitioner, claims a handgun was found in close proximity to drugs and drug paraphernalia and Petitioner admitted that he possessed the firearm for protection because of "what he did," i.e., sell

-12-

Case 1:11-cr-00120-WO   Document 28   Filed 05/28/15   Page 12 of 14

heroin.[4] (See Factual Basis (Doc. 11) at 2-3.) Therefore, this court finds Petitioner's argument concerning the "in furtherance" language, whether used to support Claim One or Claim Two, is meritless and does not serve as a basis for granting relief for Petitioner.

Accordingly, Petitioner's contention that the district court's instruction on the elements misled him into an involuntary plea - or that there was not a proper factual basis supporting each element - is contradicted by the record from the change of plea hearing. Therefore, his Petition should be dismissed.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 16) is **DENIED** and that this case is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.

---

[4] For this reason, Petitioner's invocation of the "in furtherance" language in Claim One also fails.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 28th day of May, 2015.

                                   /s/ William L. Osteen, Jr.
                                   United States District Judge

-14-

Case 1:11-cr-00120-WO   Document 28   Filed 05/28/15   Page 14 of 14